UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMUEL RODRIGUEZ REYNA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-54 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER ON PENDING MOTIONS

In this § 2254 petition, Petitioner Reyna challenges his Nueces County conviction and 99-year sentence for murder (D.E. 1). He has paid the $5.00 filing fee and service of process has been ordered (D.E. 11). Pending are four motions: (1) for appointment of counsel (D.E. 4); (2) for leave to conduct discovery (D.E. 5); (3) for leave to file a first motion for extension of time (D.E. 6); and (4) for leave to file documents (D.E. 7).

Petitioner's motion for leave to file documents, treated as a motion to supplement his petition (D.E. 7) is granted. All supplemental documents are attached to his motion, and his petition shall be considered supplemented with his attachments. Petitioner also has filed a motion for leave to file a first motion for extension of time (D.E. 6). Evidently Petitioner has difficulty ambulating because of injuries and it is difficult for him to attend law library sessions. There are presently no deadlines in the case; hence Petitioner's motion for an extension of time (D.E. 6) is denied without prejudice. If and when Respondent files a motion for summary judgment, Petitioner will have 30 days to file his

response. If Petitioner needs additional time to file a response, he may re-file his motion for an extension of time.

Petitioner also requests appointment of counsel (D.E. 4). There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process was ordered on March 5, 2014 (D.E. 11), and at this point there are no issues which mandate an evidentiary hearing.

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues which mandate a hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995). Accordingly, petitioner's motion for appointment of counsel (D.E. 4) is denied without prejudice.

Finally, Petitioner's request for leave to conduct discovery (D.E. 5) is denied without prejudice as premature. Petitioner has not provided adequate reasons to support his request to conduct discovery. Rule 6(b), Rules Governing Section 2254 Cases. Respondent has not yet filed an answer, and the court is in no position to evaluate whether the discovery sought is relevant to the issues that will be before the Court. Petitioner requests copies of discovery outside of the state court record. He is not entitled to conduct discovery solely because the information he seeks is not in the state court record. For instance, if Petitioner has not properly exhausted, if his filing is barred by

limitations, or if he has already raised his issues in a previous habeas petition, the merits of his claims will not be reached. 28 U.S.C. §§ 2244(a), 2244(d), 2254(b)(1). He is also not entitled to conduct discovery unless he can satisfy the court that his failure to develop the factual basis for his claim before the State court proceedings meets the test in 28 U.S.C. § 2254(d)(2).

    All relief not granted by this order is DENIED.

    ORDERED this 11th day of March, 2014.

                                                  B. JANICE ELLINGTON
                                                  UNITED STATES MAGISTRATE JUDGE