UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SAMUEL RODRIGUEZ REYNA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-54 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent William Stephens's Motion for Summary Judgment (D.E. 30), seeking dismissal of Petitioner Samuel Rodriguez Reyna's Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241 and 2254 (D.E. 1). On December 3, 2014, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 40), recommending that Respondent's motion be granted and that a Certificate of Appealability be denied. This Court received Petitioner's timely-filed objections (D.E. 46) on January 5, 2015.[1] Petitioner's objections, in large part, reiterate his habeas petition arguments without identifying any particular claimed error in the M&R. The Court has construed the objections liberally, and to the extent the Court was able to discern specific objections, those objections are addressed below.

First, Petitioner objects that having to proceed pro se is a violation of his Fifth Amendment "privilege to remain silent and not be a witness against [himself]" because

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on December 18, 2014, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

he is being "compelled to self-incrimination by [being] den[ied] . . . adequate representation of counsel . . . ." D.E. 46, pp. 1-2. It is well-settled that there is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Petitioner has also failed to demonstrate how he will incriminate himself by proceeding pro se. Consequently, Petitioner's first objection is **OVERRULED**.

Second, Petitioner appears to object to the Magistrate Judge's conclusion that he failed to timely file his response to the Respondent's motion for summary judgment. D.E. 46, p. 2. The M&R did not make any such finding. Thus, Petitioner's second objection is **OVERRULED**.

Third, Petitioner "objects to all the testimonial statements of all officers" that said or implied: (1) that Kimberly Powell was not intoxicated; (2) that Debra Oscar and Ricardo Reyes were intoxicated; and (3) that Powell, Oscar, and Reyes did not have the victim's blood on them. D.E. 46, pp. 2-3. Specifically, Petitioner argues that these statements violate Section 4 of the Fourteenth Amendment[2] because the officers "only assumed and didn't take any physical tests . . . ." *Id.* This argument is wholly without merit. Therefore, Petitioner's third objection is **OVERRULED**.

Fourth, Petitioner objects to evidence "that the knife taken from him . . . had the victim's blood on it" because the State's expert witness "testified that she only

---

[2] Section 4 of the Fourteenth Amendment states: "The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any state shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void." U.S. Const. amend. XIV, § 4.

examine[d] a swab, indicating that she never tested the knife . . . ." D.E. 46, p. 3. Petitioner's argument is unavailing because Petitioner did not demonstrate any error in the chain of custody or scientific testing procedures that would call into question the test results. Petitioner's fourth objection is **OVERRULED**.

Fifth, Petitioner objects, without providing any reasoning, to "the fact that the [State's] expert witness . . . found a mixture of blood of the victim[,] and unknown person, on a t-shirt found at the crime scene . . . and on the victim's belt;" and "to the fact that the crime scene technician . . . testified that all the latent prints found at the crime scene on the night of the murder were unrelated to this case, [and] that the only one related to this case was the one of Ricardo Reyes . . . ." *Id.* Petitioner appears to complain of the evidence against him, without articulating a legal objection. He failed to show that this evidence was inadmissible or that the state habeas court made an unreasonable factual determination. As a result, Petitioner's fifth objection is **OVERRULED**.

Sixth, Petitioner objects to the Magistrate Judge's conclusion that his petition was barred by the statute of limitations (D.E. 40, pp. 7-10) because he "was only continuing his first federal habeas corpus petition case . . . that was dismissed without prejudice back on December 29th, 2006 . . . ." D.E. 46, p. 4 (citing *Reyna v. 319th Dist. Ct. of Nueces Cnty., Tex.*, 2006 WL 3841781, at *1 (S.D. Tex. Dec. 29, 2006)). Petitioner's reliance on *Alexander v. Johnson*, 163 F.3d 906 (5th Cir. 1998), is unpersuasive because that case merely held that a federal court dismissal of his claim without prejudice would not bar him from renewing his claim in the future as being successive. *Id.* at 909. Being

successive is not the issue. Respondent "concedes that the petition is not second or successive." D.E. 40, p. 7. While a dismissal without prejudice allows the action to be filed again, it does not protect the claim from being barred by limitations. *See Carbajal v. Quarterman*, 2008 WL 4539626, at *3 (N.D. Tex. Oct. 9, 2008) ("Petitioner is advised that dismissal without prejudice does not . . . guarantee application of any 'relation back' theory, but merely allows any subsequent filed petition not to be considered as a second or successive petition."); *Harris v. Stephens*, 2014 WL 292053, at *2 (N.D. Tex. Jan. 27, 2014) (holding that petitioner's "current federal petition, filed after he exhausted his state court remedies, commenced a *new* habeas proceeding and, thus, the rule that pleading amendments related back to the filing date of the original pleading under FED. RULE CIV. PROC. 15(C)(2) is inapplicable") (emphasis in original). This Court finds no error in the Magistrate Judge's conclusion. Consequently, Petitioner's sixth objection is **OVERRULED**.

In his seventh objection, Petitioner challenges the Magistrate Judge's recommendation that any request for a Certificate of Appealability be denied because "any jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." D.E. 46, pp. 7-8. Finding no error in the Magistrate Judge's recommendation, Petitioner's seventh objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 40), as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically

directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion to Dismiss (D.E. 30) is **GRANTED** and this action is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 31st day of March, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE